IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN SANCHEZ AND OLGA SANCHEZ

CASE NO.

Petitioners,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

Respondent.

_____/

FILED by ___ D.C.

**MAR 0 2 2010**

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## NOTICE OF REMOVAL

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"),

pursuant to 28 U.S.C. §1441(a), removes that certain cause of action now pending in the Circuit

Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled *Juan

Sanchez and Olga Sanchez  v. Hartford Insurance Company of the Midwest*, Case No. 10-04050

CA 32 ("State Court Action"), wherein Petitioners demand relief against Hartford, stating as

follows:

1.      On or about February 10, 2010, Petitioners served an action against Hartford for

to compel appraisal with regard to a supplemental first-party property insurance claim by

Petitioners Juan Sanchez and Olga Sanchez.  Petitioners filed this State Court Action in the

Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida.

Therefore, venue in this Court is proper because Petitioners' State Court Action is pending in

that court which is within the Miami Division of the United States District Court for the Southern

District of Florida.  A copy of Petitioners' Petition to Compel Appraisal is attached within

Composite Exhibit 1 (copies all pleadings in the State Court Action), attached hereto.

2.     Jurisdiction is proper in this Court.  This case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

## COMPLETE DIVERSITY EXISTS

3.     On information and belief, at the time this Action was filed, at the present time, and at all times material to this Action, Petitioners are citizens of the State of Florida, residing in Miami-Dade County, Florida.  *See* Declaration of Rebecca Levy-Sachs in Support of Notice of Removal ("Levy-Sachs Declaration")  ¶  3.     The Levy-Sachs Declaration is filed contemporaneously with this Notice.

4.     Hartford is not a citizen of Florida.  It is not incorporated in Florida and does not have its principal place of business in this State.  At all times material to this Action (including the present), Hartford has been incorporated in and has been a citizen of the State of Connecticut and has had its principal place of business in Hartford, Connecticut.  *See* Levy-Sachs Declaration ¶ 3.  At all times material to this action, Hartford has been a foreign corporation doing business in Florida.  *See* Levy-Sachs Declaration ¶ 3.  At no time material to this action have Hartford and Petitioners been residents or citizens of the same state.  *See* Levy-Sachs Declaration ¶ 3.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

5.     Ordinarily, the amount in controversy for purposes of diversity jurisdiction is determined by looking to the allegations in the complaint.  *See* 28 U.S.C. § 1332.  In this case, however, the amount in controversy is not evident from the face of Petitioners' Petition.  "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  The Court should "review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional amount is either

2

stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1211; *see also Macy's Fla. Stores, LLC v. Ill. Nat'l Inc. Co.,* 2008 U.S. Dist. LEXIS 64908, \*5-6 (S.D. Fla. 2008).

6.      The Eleventh Circuit has held that an action to obtain an order compelling appraisal is the substantive equivalent to an action for declaratory relief for federal jurisdictional purposes, as the action seeks a judicial determination of the parties' rights and obligations under a contract of insurance. *Galindo v. ARI Mut. Ins. Co.,* 203 F.3d 771, 777 n.10 (11th Cir. 2000) (holding that the district court properly retained jurisdiction over a state court petition to compel appraisal that was removed to federal court).   Removal of state court petitions to compel appraisal based on diversity jurisdiction is hardly uncommon. *E.g., Jacobs v. Nationwide Mut. Fire Ins. Co.,* 236 F.3d 1282, 1283 (11th Cir. 2001); *Gahn v. Columbia Cas. Ins. Co.,* 2005 U.S. Dist. LEXIS 42900, \*1 (D. Ariz. 2005).   That declaratory nature of Petitioners' action is reinforced by the fact that Hartford denied entirely Petitioners' supplemental claim for lack of coverage, requiring the Court to determine whether the policy covers the claim before reaching the issue of whether to compel appraisal of it. *See* Levy-Sachs Declaration ¶ 4-5; *Sunshine State Ins. Co. v. Corridori,* 2010 Fla. App. LEXIS 915 (Fla. 4th DCA Feb. 3, 2010).

7.      "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000); *see Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).   "Thus, the value of the requested declaratory relief is the monetary value of the benefit that would flow to the Petitioners if the declaration is granted." *MCC Mgt. of Naples, Inc. v. Arnold & Porter, LLP,* 2008 U.S. Dist. LEXIS 11052, \*6-7 (M.D. Fla. 2008) (citing *Cohen,* 204 F.3d at 1077).   Further, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the

3

amount of those fees." *Cohen*, 204 F.3d at 1079.  Such fees include attorney's fees sought pursuant to §627.428, Fla. Stat.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

      8.     "[In] declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim'" of loss under the policy. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quoting 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998)); *see St. Paul Reinsurance Co.*, 134 F.3d 1250, 1253 (5th Cir. 1998) (explaining that when ascertaining the amount in controversy regarding an action for declaratory judgment to determine coverage provided by a property insurance policy, "the 'object of the litigation' is the policy and the 'value of the right to be protected' is [the insurer]'s potential liability under that policy").

      9.     In this case, Petitioners allege that their dwelling suffered a loss caused by hurricane on or about October 24, 2005.  *See* Petition ¶ 8.  On or about February 17, 2006, Hartford paid the claim for loss to the dwelling under an insurance policy, applying a deductible of $2,800.00 and issuing payment of $5,289.64.  *See* Levy-Sachs Declaration ¶ 4. Approximately two and one-half years later, on August 4, 2009, Petitioners, through their public adjuster, Ademar The Public Adjusting Firm, Inc. ("the P.A."), asked Hartford to reopen the claim, and submitted an estimate in the amount of $63,260.11 on September 10, 2009.  Hartford investigated the supplemental claim.  On November 6, 2009, Petitioners demanded appraisal and resubmitted the P.A.'s estimate of $63,260.11.  Upon completion of its investigation, on November 9, 2010, Hartford denied the supplemental claim in its entirety, on the ground that Petitioners had breached the policy's conditions of "Duties after Loss," which included Petitioners' duty to make reasonable and necessary repairs to protect the property from further

4

loss, and on the ground that a portion of the claimed damages (interior damages) was not caused by a covered cause of loss. Based on the denial of coverage, Hartford denied the demand for appraisal on November 20, 2009. *See* Levy-Sachs Declaration ¶ 4.

10.     In their Petition, Petitioners seek an order compelling Hartford to participate in appraisal and thus obtain payment under the policy for their claimed losses, which they have valued at $63,260.11. *See* Levy-Sachs Declaration ¶ 4; *Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086,*2 (E.D. La. 2008) (accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy"); *accord Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 10628 (E.D. La. 1995). Their supplemental claim of $63,260.11 is within the policy's limit of liability of $140,000.00 for loss to the dwelling. *See* Policy Declarations, attached hereto as Exhibit 2. The applicable windstorm deductible was applied to the Hartford's prior payment for hurricane damage in 2006 and thus would not apply to Petitioners' supplemental claim for hurricane damage. Therefore, the monetary value of the benefit as to recovery under the policy that would flow to Petitioners if their requested relief is granted is, from their perspective, $63,260.11.

11.     Petitioners further claims that they are entitled to attorney's fees pursuant to §627.428, Fla. Stat. (*See* Petition ¶ 15); *Morrison*, 228 F.3d at 1265 (explaining that as to an individual Petitioners, attorney's fees pursuant to §627.428, Fla. Stat., should be included in determining the amount in controversy).

12.     With regard to Petitioners' claim for statutory attorney's fees, Hartford has the burden to show that "it is more likely than not that those fees will exceed" an amount sufficient, when added to the underlying insurance claim, to meet the jurisdictional threshold of $75,000. *See Lancaster Auto Care v. Travelers Indem. Co.*, 2008 U.S. Dist. LEXIS 93300, *4 (M.D. Fla. 2008). To meet this burden, a "defendant, for example, can provide the district court with

affidavits containing the possible range of attorney's fees that are recoverable in the case." *Jackson v. Am. Gen. Fin. Servs., Inc.*, 2006 U.S. Dist. LEXIS 19927, *6 (M.D. Ga. 2006). The district court may consider whether attorney's fees that would be incurred by the parties in discovery and in advancing the case toward trial "are likely to further push to total amount in controversy over the $75,000 threshold." *Logdson v. Duran, Inc.*, 2005 U.S. Dist. LEXIS 13906, *14 (M.D. Fla. 2005). As one court concluded after examining the removing party's evidence of estimated attorney's fees: "Though this figure is not subject to exact computation at this stage of the proceedings, the court believes that any reasonable amount awarded Petitioners would be sufficient, when combined with the balance of the amount in controversy, to satisfy 28 USC § 1332(a)." *Hall v. Travelers Insurance Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988).

13.     In this case, if the fee agreement between Petitioners and her attorney is on a contingency percentage basis, her attorney's fees would likely be 33 1/3% to 40% on a recovery of $63,260.11—or $21,065.67 to $25,304.05. *See* Levy-Sachs Declaration ¶ 5. This litigation will necessarily require a judicial determination of whether the policy covers the supplemental claim before reaching the issue of whether to compel appraisal. *See Sunshine State Ins. Co. v. Corridori*, 2010 Fla. App. LEXIS 915 (Fla. 4th DCA Feb. 3, 2010). As such, it is unreasonable to conclude that Petitioners' attorney's fees would be less than $15,000, resulting in a total amount in controversy of not less than approximately $78,000 to $88,000, exclusive of interest and costs. *See* Levy-Sachs Declaration ¶ 5. As in *Hall*, *supra*, although the amount of attorney's fees is not subject to exact computation at this stage of the proceedings, any reasonable amount awarded to Petitioners would be sufficient, when combined with the balance of the amount in controversy, to satisfy the jurisdictional amount.

14.     As set forth above and in the accompanying sworn Declaration, Hartford has submitted a reasonable factual basis to conclude that it is more likely than not that Petitioners'

recoverable attorney's fees would exceed an amount sufficient, when added to Petitioners' claimed property losses of $63,260.11, to exceed $75,000. Absent proof to the contrary, Hartford has met its burden to show the requisite amount in controversy for purposes of diversity jurisdiction. *See Alshakambeth v. Food Lion, Inc.*, 2007 U.S. Dist. LEXIS 20746, *6-7 (M.D. Fla. 2007).

**ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

15.    Copies of all process, pleadings, and orders served on Hartford, and such other papers that are exhibits as required by 28 U.S.C. § 1446, and the Local Rules of this Court, are filed herein. Composite Exhibit 1.

16.    This Notice is filed this 26th day of February, 2010, within thirty (30) days of receipt of process on February 8, 2010, by the Chief Financial Officer of the State of Florida, who effected service of process upon Hartford by forwarding same to Hartford on February 10, 2010..

17.    Pursuant to 28 U.S.C. § 1446(d), Hartford has provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

WHEREFORE, HARTFORD INSURANCE COMPANY OF THE MIDWEST, prays that this Court exercise jurisdiction over this matter.

Respectfully Submitted,

ROBINSON & COLE LLP

Rebecca Levy-Sachs (0596124)
rlevysachs@rc.com
1343 Main Street – Suite 400

Sarasota, FL  34236-5635
Tel.: 941/906-6850; Fax:  941/906-6851
*Attorneys for Defendant*
*Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished by First Class Mail on this 26th day of

February, 2010, as follows:

Kenneth R. Duboff, Esq.
LAW OFFICE OF KENNETH R. DUBOFF, P.A.
12430 West Dixie Highway
North Miami, FL  33161
Tel.: 305/899-0085; Fax: 305/899-0091
*Attorney for Petitioners*

_Christopher J. Kain (FNB 001300 0)_
_For_

Rebecca Levy-Sachs

8

# EXHIBIT 1



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process





PP000 6259741

**CHS / ALL**
**Transmittal Number: 7383976**
**Date Processed: 02/10/2010**

| | |
|---|---|
| **Primary Contact:** | Mr. Michael Johnson Law Department<br>The Hartford<br>One Hartford Plaza<br>Law Department<br>Hartford, CT 06105 |

| | |
|---|---|
| **Entity:** | Hartford Insurance Company of the Midwest<br>Entity ID Number 2344258 |
| **Entity Served:** | Hartford Insurance Company of the Midwest |
| **Title of Action:** | Juan Sanchez vs. Hartford Insurance Company of the Midwest |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Miami-Dade County  Circuit Court, Florida |
| **Case Number:** | 10-04050 CA 32 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/10/2010 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Department of Financial Services on 02/08/2010 |
| **How Served:** | Electronic SOP |
| **Sender Information:** | Kenneth R. Duboff<br>305-899-0085 |

**LAW DEPARTMENT**

**FEB 1 1 '10**

**RECEIVED**

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

YNZ PP 40401
55 RBB 65124
10 24 06 CCO
Sharon Ryan

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


10-06967

JUAN SANCHEZ AND OLGA SANCHEZ

PLAINTIFF(S),

VS.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

DEFENDANT(S).

CASE #:    10-04050 CA 32
COURT:    CIRCUIT COURT
COUNTY:  MIAMI-DADE
DFS-SOP#: 10-06967

_____/

SUMMONS, PETITION TO COMPEL APPRAISAL, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by MAIL on the 8th day
of February, 2010 and a copy was forwarded by Electronic Delivery on the 10th day of February,
2010 to the designated agent for the named entity as shown below.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
LYNETTE COLEMAN  (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

KENNETH R. DUBOFF
12430 WEST DIXIE HIGHWAY
NORTH MIAMI FL 33161

TSC



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JUAN SANCHEZ AND OLGA SANCHEZ

          Petitioners,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

          Respondent.

CASE NO. 10 - 04 050 CA 32



## **SUMMONS**

THE STATE OF FLORIDA

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Respondent:

**HARTFORD INSURANCE COMPANY OF THE MIDWEST**
by serving:   Florida Chief Financial Officer as RA
at:        Service of Process Section
        PO Box 6200
        Tallahassee, Florida 32314-6200

Each Respondent is required to serve written defenses to the complaint or petition on Plaintiff's Attorney whose name and address is:

        **Kenneth R. Duboff, Esq.**
        **12430 West Dixie Highway**
        **North Miami, Florida 33161**

within 20 days after service of this summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the petition of petition.

           JAN 2 2 2010

        Dated:_____

                     **CLERK OF COURTS**

                     **DALLAS WALKER**

                  BY:_____

                     **DEPUTY CLERK**

**COURT SEAL**



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.   10 - 0 4 0 5 0 CA 32

JUAN SANCHEZ AND OLGA SANCHEZ,

                Petitioners,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST.

                Respondent

## PETITION TO COMPEL APPRAISAL

COME NOW Petitioners, by and through the undersigned attorneys, and hereby sue Respondent and alleges:

1.      This is an action to compel appraisal of losses under property insurance policy with a value in excess of $15,000.00.

2.      At all times material hereto, Petitioners were and are residents of Miami-Dade County, Florida and otherwise sui juris.

3.      At all times material hereto, Respondent is an insurer in Florida.

4.      At all times material hereto, in consideration of a premium paid by Petitioners, there was in full force and effect a certain homeowners insurance policy, being Policy number 55RBB615124 (hereafter called the "Policy"). Petitioners do not have a true and complete copy of the Policy, but Respondent has a true and correct copy of the Policy. Petitioners reserve the right to supplement this Petition by filing a true and correct copy of the policy upon receipt from Respondent pursuant to discovery in this action.

5.      Under the terms of the Policy, Respondent insured Petitioners against certain losses to Petitioners' property located at 5390 NW 174th Drive, Opa Locka, FL 33055 (hereafter called the "property"), subject to certain Policy exclusions and conditions.

6.      Under the material terms of the homeowner's insurance policy, if the parties fail to agree on the amount of a loss, either party may demand an appraisal process to determine the amount

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

of the loss (hereafter called the "appraisal process").

7. The provision for the "appraisal process" of the policy, in pertinent part, states:

> **"Appraisal...**
> If you and we fail to agree on the amount of loss, either may demand
> an appraisal of the loss. In this event, each party will choose a
> competent appraiser within 20 days after receiving a written request
> from the other. The two appraisers will choose an umpire. If they
> cannot agree upon an umpire within 15 days, you or we may request
> that the choice be made by a judge of a court of record in the state
> where the "residence premises" is located . The appraisers will
> separately set the amount of the loss. If the appraisers submit a
> written report of an agreement to us, the amount agreed upon shall be
> the amount of the loss. If they fail to agree, they shall submit their
> differences to the umpire. A decision agreed to by any two will set the
> amount of the loss. Each party will: (a) Pay its own appraiser; and (b)
> Bear the other expenses of the appraisal and umpire equally."

8. On or about 10/24/2005, while the Policy was in full force and effect, Petitioners
suffered a covered loss; to wit: a hurricane causing damage to the property (hereafter the "loss").

9. Respondent assigned claim number PP0006259747 to the loss.

10. Respondent investigated the loss and acknowledged insurance coverage for the loss.

11. Petitioners notified Respondent, in writing, that Petitioners were in disagreement with
Respondent's evaluation of the loss and advised Respondent, in writing, that Petitioners were
invoking the appraisal clause of the Policy to determine the full amount of the loss, and named
Petitioners' appraiser.

12. Respondent has refused and/or failed to select an appraiser.

13. Respondent's duty to participate in the appraisal process is governed by the decision
of the Supreme Court of Florida in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held
that once an insurer admits that some part of an insured's loss is covered under the policy (i.e., that
the insurance company acknowledges it has an obligation to make some payment) either the insurer
or the insured can compel the other to have the amount of the loss determined by appraisal.

14. Petitioners have performed all conditions precedent for the filing of this action or any
and all conditions precedent have been otherwise met or waived.

15. Petitioners have been obligated to engage the undersigned attorneys for the

prosecution of this action and are entitled to a reasonable attorneys fee thereby pursuant to Fla. Stat. §627.428.

WHEREFORE, Petitioners request this Honorable Court as follows:

a.  to compel Respondent to select an appraiser and participate in the appraisal process;

b.  to select a neutral and competent umpire for the appraisal process

c.  to award Petitioners reasonable attorney's fees pursuant to Fla. Stat. §627.428;

d.  to award Petitioners court costs

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONERS
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE   (305) 899-0085
FAX NO.   (305) 899-0091

BY: _____
KENNETH R. DUBOFF

LAW OFFICE OF KENNETH R. DUBOFF, P.A.



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 10 - 04 050 CA 32

JUAN SANCHEZ AND OLGA SANCHEZ

Petitioners,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST.

Respondent.

## REQUEST FOR ADMISSIONS

COMES NOW Petitioners, by and through the undersigned attorneys, and pursuant to the applicable Florida Rules of Civil Procedure, hereby Requests the Respondent to admit or deny the following items:

1. Admit that on the date of the alleged loss described in the Petition that the policy described in the Petition was in full force and effect.

2. Admit that Petitioner were the named insured under the insurance policy described in the Petition.

3. Admit that the premises described in the Petition are the insured premises under the insurance policy described in the Petition.

4. Admit that Respondent did not wholly deny coverage for the loss described in the Petition.

5. Admit that Respondent made a payment of insurance benefits to, or for the benefit of, Petitioner(s) for the alleged loss described in the petition

6. Admit that Petitioners submitted to Respondent a written estimate of repairs for the damage alleged to have occurred by reason of the alleged loss described in the petition.

7. Admit that there is a disagreement between the Petitioners and Respondent as to the amount of the alleged loss described in the petition.

8. Admit that prior to the institution of this lawsuit, Respondent received a written a demand for appraisal submitted by or on behalf of Petitioners for the subject loss.

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

9.      Admit that as of the date of the institution of this action, that Respondent had not notified Petitioners in writing, that Respondent agreed to participate in the appraisal process for the subject loss.

10.     Admit that prior to the date of the filing of this lawsuit, Respondent did not request of Petitioners, in writing, that Petitioners submit to an examination under oath for the alleged loss described in the petition.

11.     Admit that prior to the date of the filing of this lawsuit, Respondent did not request of Petitioners, in writing, that Petitioners send to Respondent, a signed sworn proof of loss for the alleged loss described in the petition.

12.     Admit that prior to the date of the filing of this lawsuit, that one or more of Respondent's agents or adjusters or employees were showed, or visited, or inspected the alleged damaged property described in the petition.

13.     Admit that Respondent does not have any written document evidencing that the entire insurance policy described in the complaint was delivered to Plaintiff.

14.     Admit that Respondent did not deliver a copy of the entire insurance policy described in the complaint prior to the filing of this lawsuit.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Respondent by the Insurance Commissioner of the State of Florida

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONERS
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE   (305) 899-0085
FAX NO.       (305) 899-0091

BY: _____
      KENNETH R. DUBOFF

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JUAN SANCHEZ AND OLGA SANCHEZ

                Petitioners,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

                Respondent.

CASE NO. 10 - 04 050 CA 32

## REQUEST FOR PRODUCTION

COMES NOW Petitioners, by and through the undersigned attorneys, and pursuant to the applicable Florida Rules of Civil Procedure, hereby request the Respondent to produce the following items for inspection and/or copying at the offices of the undersigned attorneys:

1. The original and/or a true and correct certified copy of the insurance policy described in the petition, including declaration page and all addendums, if any.

2. All correspondence or written communications from Respondent to Petitioners which in any manner acknowledges insurance coverage for the subject loss alleged in the petition.

3. All correspondence or written communications from Petitioners to Respondent requesting appraisal for the subject loss or losses alleged in the petition.

4. All correspondence or written communications from Respondent to Petitioners requesting Petitioners to submit to examinations under oath for the alleged loss described in the petition.

5. All correspondence or written communications from Respondent to Petitioners requesting Petitioners to send Respondent a signed sworn proof of loss for the alleged loss described in the petition.

6. All correspondence or written communications from Respondent to Petitioners in response to Petitioners request for appraisal.

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

7.   All written estimates of repairs for the damage alleged to have occurred by reason of the alleged loss described in the petition that were submitted by Petitioners to Respondent.

8.   All correspondence or written communications from Respondent to Petitioners which requests Petitioners to provide Respondent with one or more specific records or documents.

9.   All correspondence or written communications from Petitioners to Respondent in which Petitioners is providing Respondent with one or more specific records or documents that had been requested by Respondent..

10.   Copies of all checks issued by Respondent and payable to or on behalf of Petitioners representing insurance proceeds for the loss or losses alleged in the petition.

11.   All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the entire policy of insurance described in the complaint/petition was mailed or delivered to Petitioner.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Respondent by the Insurance Commissioner of the State of Florida

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONERS
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE   (305) 899-0085
FAX NO.         (305) 899-0091

BY: _____
        KENNETH R. DUBOFF

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

# EXHIBIT 2

```
   POL #    PROD   SUB SHT CO ST EFF     EXP     TERM    RNST     STAT AS OF
               MICROFILM MESSAGE
   55RBB615124 853701 N42 SAN G  FL 081805 081806 12      1       A    081805
               FIRST RECORD OF THE TERM
               AGY TRAN ORIG      C/S INFO
   PRV POL #  PROD  IN POL DT TX CD RO PROD  ACT CH# EFF    DT PRC  REQ
         FILM DATE  REEL   FRAME
   55RBB615124      081802 9000        CREN    081805 062905 MICROFILM
                    0      0  THIS FILM
       -UNDERWRITER- PRIM      D AGY                          TYPE 08
       INIT TERR CDS POL #     T PROF LCL MIUA COMBO W/F LTERM  RE U/W CODES
        00000       0       0  PRIOR FILM
          9Z                 P                      SYSTEM
0   NAME SANCHEZ,JUAN & OLGA
        RO AGENCY  POLICY   CTL DTE  CTL
   STREET 5390 N W 174TH DR                    CITY OPA LOCKA
        55 853701 RBB615124 08 18 05  00
    CNTY MIAMI-DADE             ST FL  ZIP 33055     PLACE CD
   IF DIFF FROM MAIL ADDR         POOL ID     CK RCVD        LBTXCD  9000
                FRAME 1 OF 2
   RES ADDR                                            RSN
   CITY/CNTY                                   ST    ZIP
   ADDL RES PREMISES
   STREET                                # OF FAM        TERR
    CITY                  CNTY                   ST    ZIP
0          OTHER      PERS       LOSS OF   PERS      MED PAY/ MINN/SC
   DWLG     STRUCT     PROP        USE      LIAB       PERSON    VALUE
   $ 140,000 $  14,000 $  98,000 $  28,000 $ 300,000  $1,000

   MTG1 LOAN #  7521717948 CODE        CHGS ON POL 19190412
    NAME BANK OF AMERICA
   STREET PO BOX 1675                         LOT #     BLOCK #
    CITY CORAOPOLIS       ST PA ZIP 15108    NY3  ADDITION
    MTG2 LOAN #           CODE                SRC    3/4 FAM OLT TERR
    NAME
   STREET
    CITY                  ST   ZIP
           DEDUCTIBLE        YR     -PROT-  PREM LTD OP     WIND
   OCCUPANCY TYPE AMT   CONST   BLT  TERR CLASS CD GRP  ACC ID    CERT
   1 FMLY   FLAT 500   BRK MAS  1962 34   04   04 0.80
   FT FROM MI FROM FIRE TOWN/ SO ST   #    -HO4/6-  DOUBLE   HI WIND  RENEWAL
   HYD    FIRE STA DISTRICT  IND  SNMBLS  RATE TYPE  WALL CR    CODE     CR
   1000    02   FPP USED                                      Y  02
   HO4/6-# APTS     HO 256 LIMIT       MINE SUBSIDENCE        RET CR
   EXCEPTIONS  WIND 2  THEFT     RENOVATION YEARS H-    W-    P-    SHUTTER
                                       AUTO POL #
                                       ACCT CR N   MEM Y   S/P PSPEC POL N
   COMPANION POL #                          COSTIMATOR OVERRIDE
   DWELLING TYPE      SINGLE ENTRY  DEVIATION    CITY CD    CNTY CD 025
   DED #1:
   DED #2:                                            DWELL CL
   DED #3:      HYD TYPE   HYD IN CITY                         SPECIALTY N
   FL ORD/LAW REJECT    BCEG 99  BCEG YEAR 1996  INDIVID GRADE   FLOOD POL N
   BILL METHOD   PAYOR      BILL PLAN  ACCOUNT #    PREMIUM PAYMENT SCHEDULE
   12 PAY PLAN    INSURED    MO    83535331        DUE DT    PREMIUM
0                                            081805    273300
   IF OTHER PAYOR                      CANC R/P
    NAME
   STREET                               REWRITE   OLD RATE DATE
    CITY                  ST   ZIP      HCC IND   GUARANTEE DT
    BASIC
0   CHART   COV E OR F DUPL OF ADDL RES ADDL RES  AMENDED     FL     FHCF
    PREM  +/- PREM  LIAB OR OCC PREM EMPL PREM COV PREM   SC     SURCH
    $2,112     $9                                  $2.00    $412
   COV D INCR PREM        TOTAL ENDT PREM   $406  TOTAL POL PREM  $2,733.00
   COV B DECR CR.
   DED #1 PREM       DED #2 PREM       DED #3 PREM
1
                MICROFILM MESSAGE
   *** COSTIMATOR -- SQ FT            EXT WALL CONST     FRAME
      AS OF DT    080602              # STORIES       1
      VERSION DT  0000                ADDL FEATURES AMT  000000
```

```
           FILM DATE   REEL    FRAME
      REPLC COST    0140000             TWNHOUSE/DUPLEX
                    0        0   THIS FILM
        %ITV    100
     CONST CLASS   STANDARD            PC IND   PC LETTER DATE
      00000        0        0  PRIOR FILM
SQUARE FT 01800     INS RPT N    MSB REF NUM          ROOF MATERIAL
   POLICY # 55 RBB 615124    NAME: SANCHEZ,JUAN & OLGA
      RO AGENCY    POLICY   CTL DTE  CTL
   FORM          POLICY TYPE  DWLG CITY/TOWN
      55 853701 RBB615124 08 18 05  00
   HO-3    10-93  PLIC       WITHIN CITY/TOWN LIMITS? Y/N Y
   ENDT #                    FIRE PROT PRVDR MIAMI-DADE FD
                 FRAME 2 OF 2
TEXAS CREDITS:                                  PCNT PD CR
   FIRE       BURGLAR      SPRINKLERS       DEAD BOLT    DEAD BOLT CRDT
   HOME 5%   YEAR      5% CRDT          HOME 15%   YEAR      15% CRDT
   CNTRL FIRE      LOCAL FIRE       FIRE ALARM FD      SPRKLRS SOME
   CNTRL BURG      LOCAL BURG       BURG ALARM PD      SPRKLRS ALL

  HO-269FL 0697  HO-322   1093  HO-300FL 0999  H-471-1  0196  H-380-1  1093
HO216  PREM ALARM/FIRE PROT SYSTEM10 PERC CR   PREMIUM     $208 CR.
  HO61   SPP                                 PREMIUM       $193.00
     CL 1 AMT     $12,862 PR     $193
HO-277   ORDINANCE OR LAW-INCREASED AMT OF COV  PREMIUM  INCL
         NEW TOTAL PERCENTAGE IS   25% OF COV A
H-587-0 ADDL LIMITS IN EVENT OF TOTAL LOSS                 $5
H-266-1 LIFETIME CONTINUATION AGREEMENT         PREMIUM  $NIL
HO-290  PERSONAL PROPERTY REPLACEMENT COST             $208
HO-432  LIMITED FUNGI, ROT OR BACTERIA COV      PREMIUM   $NIL
         $10,000 EACH COVERED LOSS/$20,000 POLICY AGGREGATE-PROPERTY DAMAGE
         $50,000 LIABILITY
H-583-1 CALENDAR YEAR HURRICANE DED PERCENTAGE PREMIUM  INCL
```